IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW HINESLEY,<br>　　　　　　Plaintiff,<br>　　v.<br>GRAY TELEVISION, INC., d/b/a HAWAII NEWS NOW,<br>　　　　　　Defendant. | No. _____ |

## NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW, Defendant Gray Media, Inc., d/b/a Gray Television ("Defendant")[1] and hereby removes this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendant states as follows:

### THE STATE COURT ACTION

1. On May 21, 2025, Plaintiff Andrew Hinesley ("Plaintiff") filed a complaint in the Suffolk County, Massachusetts Superior Court, commencing an action titled *Hinesley v. Gray Television, Inc.*, Civil Action No. 2584CV0137 ("State Court Action"). *See* Exhibit A ("Complaint"). Plaintiff is proceeding *pro se*.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all records and proceedings in the State Court Action are attached as Exhibit B (less the Complaint, which is attached as Exhibit A), and a copy of the docket in the State Court Action is attached hereto as Exhibit C. Defendant will

---

[1] Plaintiff incorrectly named Gray Television, Inc. as a defendant, rather than Gray Local Media, Inc., which does business as Hawaii News Now.

1

file certified or attested copies of all records, proceedings, and docket entries in the State Court Action within 28 days, in accordance with Local Rule 81.1.

3. On May 21, 2025, Plaintiff filed a motion for preliminary injunction, a motion to seal the complaint, and a "Motion for Alternative Service," seeking leave of the State Court to serve the summons and complaint on Defendant by email. *See* Exhibit B at 3-12.

4. The same day, the State Court scheduled an in-person hearing for May 27, 2025, at 2 pm at the Suffolk County Courthouse, as set forth in the Summons. *Id.* at 4.

5. On May 22, 2025, Plaintiff served the Summons, Complaint, and various motions on Defendant by email. *See* Exhibit D.

6. On May 23, 2025, Plaintiff filed an Amended Complaint and provided a copy to the undersigned counsel. *See* Exhibit B at 13-15. The Amended Complaint, as described below, contains the same jurisdictional allegations as the Complaint.

7. Defendant has not yet answered or otherwise responded to the pleadings in the State Court Action.

## BASIS FOR REMOVAL

### Jurisdiction

8. Removal of this matter is proper under 28 U.S.C. §§ 1332(a)(1) and 1441(b), which authorize removal of any civil action between "[c]itizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

9. Plaintiff and Defendant are citizens of different states, the amount in controversy requirement is satisfied, and so removal of this case pursuant to 28 U.S.C. § 1441(a) is appropriate based on diversity of citizenship under 28 U.S.C. § 1332.

### Citizenship of the Parties

10. Plaintiff is a citizen of the State of Massachusetts. Am. Compl. ¶¶ 2-3.

11. Defendant is a citizen of Georgia, as it is incorporated under the laws of Georgia and has its principal place of business in Atlanta, Georgia. *See* 28 U.S.C. § 1332(c)(1).

12. As Plaintiff is a citizen of Massachusetts, and Defendant is a citizen of Georgia, there is complete diversity of citizenship between the parties to the State Court Action.

### The Amount in Controversy

13. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

14. Plaintiff seeks $164,600 in damages, delineated as follows:

   (a)   One-year lost salary: $125,000.00

   (b)   $10,000 lost signing bonus

   (c)   $400/month rent for 2 years: $9,600

   (d)   Loss of liquidated assets: $20,000

Am Compl. ¶ 12; *see also id.* ¶ 13 (seeking "compensatory damages").

### Venue

15. This Court is the proper venue for removal of the State Court Action, pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the United States District Court for the District of Massachusetts is the federal court embracing the Suffolk County Superior Court.

### Procedural Requirements for Removal

16. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Massachusetts, which is the federal district court embracing the court where the State Court Action was filed.

17. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B) because it is

3

being filed within 30 days of May 22, 2025, which is the date on which Hinesley served the Complaint on Defendant.

18.　　As noted above, copies of the docket and "all process, pleadings, and orders served upon" defendant in the State Court Action are attached to this Notice of Removal as Exhibits A-C, and Defendant will file certified or attested copies thereof within 28 days. *See* 28 U.S.C. § 1446(a); L.R. 81.1.

19.　　Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with its attachments will be promptly served on Plaintiff, and notice thereof will be filed with the Civil Clerk of the Suffolk County Superior Court. *See* Exhibit D.

20.　　Defendant expressly reserves the right to raise all defenses and objections to Plaintiff's claims after removal of the State Court Action to this Court, including but not limited to defenses based on the absence of personal jurisdiction and the failure to state a claim upon which relief may be granted.

## CONCLUSION

**WHEREFORE**, Defendant Gray Media, Inc., d/b/a Gray Television, hereby removes the State Court Action to the United States District Court for the District of Massachusetts.

5

| | |
|---|---|
| Dated: May 23, 2025 | Respectfully submitted, |

BALLARD SPAHR LLP

/s/ *James V. Masella, III*
James V. Masella, III (BBO No. 562882)
Jacquelyn N. Schell*
Sasha Dudding*
1675 Broadway, 19th Floor
New York, NY
massellaj@ballardspahr.com
schellj@ballardspahr.com
duddings@ballardspahr.com

**Pro hac vice* forthcoming

*Counsel for Defendant Gray Media, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2025, I caused a true and correct copy of the foregoing to be served by U.S. mail and email on the following:

Andrew Hinesley
371 N. Shore Road
Revere, MA 02151
808-773-4074
Andrew.hinesley@icloud.com

　　　　　　　　　　　　　　　　　　　　*/s/ James V. Masella, III*
　　　　　　　　　　　　　　　　　　　　James V. Masella, III