# Exhibit B

Date Filed 5/21/2025 9:51 AM
Superior Court - Suffolk
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Andrew Hinesley | Defendant: | Gray Television, Inc. d/b/a Hawaii News Now |
|---|---|---|---|
| ADDRESS: | 371 N Shore Road | ADDRESS: | 420 Waiakamilo Road |
| Revere, MA 02151 | | Suite 205 | |
| | | Honolulu, HI 96817 | |
| Plaintiff Attorney: | Pro Se | Defendant Attorney: | |
| ADDRESS: | | ADDRESS: | |
| | | | |
| | | | |
| BBO: | | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Defamation | F (Fast Track) | ☒ YES ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?   ☐ YES  ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses _____
   2. Total doctor expenses _____
   3. Total chiropractic expenses _____
   4. Total physical therapy expenses _____
   5. Total other expenses (describe below) _____

   Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date          $135,000.00
C. Documented property damages to date                              $9,600.00
D. Reasonably anticipated future medical and hospital expenses _____
E. Reasonably anticipated lost wages _____
F. Other documented items of damages (describe below)         $20,000.00

Loss of liquidated assets due to reputational harm and job loss

TOTAL (A-F):   $164,600.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff suffered reputational harm and economic losses as a result of defamatory publication. This includes loss of employment, lost wages, loss of a signing bonus, rent burden, and liquidated assets.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X  /s/ Andrew Hinesley    Date:   05/21/2025

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____   Date: _____

1

Date Filed 5/21/2025 9:51 AM
Superior Court - Suffolk
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | | |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

Date Filed 5/21/2025 9:51 AM
Superior Court - Suffolk
Docket Number

ER

# COMMONWEALTH OF MASSACHUSETTS SUFFOLK, ss.
# IN THE SUPERIOR COURT

ANDREW HINESLEY,
Plaintiff,
v.
Gray Television, Inc.
d/b/a Hawaii New Now,
Defendant.

Case No.: _____

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1. Plaintiff seeks a preliminary injunction to compel Defendant to remove or update the defamatory article.
2. Plaintiff is likely to succeed on the merits of the case.
3. Plaintiff is suffering irreparable harm from reputational and economic damage.
4. The balance of hardships favors Plaintiff.
5. The public interest supports the relief requested.

WHEREFORE, Plaintiff requests this Court grant a preliminary injunction.

Dated: 05/21/2025
Respectfully submitted,

/s./ *Andrew Hinesley*

371 N. Shore Road
Revere, MA 02151
808-773-4074
Andrew.hinesley@icloud.com

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2584CV01379 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Hinesley, Andrew Wayne vs. Gray Television, Inc. d/b/a Hawaii New Now | | John E Powers, III<br>Suffolk County Civil |
| To:<br>Gray Television, Inc. d/b/a Hawaii New Now | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

To the above named defendant(s):
   You are hereby summoned and required to serve upon:

**Pro Se**

,

   an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.
   Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

Date: 05/27/2025
Time: 02:00 PM

**Session/ Courtroom Location:**    Event Type: In Person

**BOS-10th FL, CR 1006 (SC)**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED | CHIEF JUSTICE OF THE SUPERIOR COURT Witness: | ASSOCIATE JUSTICE | ASSISTANT CLERK |
|---|---|---|---|
| 05/21/2025 | Hon. Michael D Ricciuti | | X *Margaretta Buckley* |

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:
X

# COMMONWEALTH OF MASSACHUSETTS SUFFOLK, ss.
# IN THE SUPERIOR COURT

ANDREW HINESLEY,
Plaintiff,
v.
Gray Television, Inc.
d/b/a Hawaii New Now,
Defendant.

Case No.: _____

```
SUFFOLK SUPERIOR COURT
   CIVIL CLERK'S OFFICE
         FILED

      MAY 2 1 2025

      JOHN E. POWERS, III
      CLERK MAGISTRATE
```

## PLAINTIFF'S MOTION TO SEAL CIVIL COMPLAINT

NOW COMES the Plaintiff, Andrew Hinesley, and respectfully moves this Honorable Court to issue an order sealing the Complaint and all associated filings in this matter from public access pursuant to Massachusetts Uniform Rules on Impoundment Procedure, Mass. R. Civ. P. 7(b), and the inherent authority of this Court to protect sensitive information.

In support of this motion, Plaintiff states as follows:

1. This action arises from a defamatory article published online by the Defendants that falsely implies criminal conduct, despite the dismissal of all charges and expungement of the Plaintiff's record.

2. The public availability of the complaint—which necessarily includes references to the underlying false allegations—amplifies the harm Plaintiff seeks to remedy, including the continued damage to his reputation and the loss of current and future employment opportunities.

3. Plaintiff is a private citizen, a 100% service-connected disabled veteran, and a new father, who has suffered irreparable harm from the republication of expunged information and seeks redress without further public exposure of sensitive details.

4. The underlying criminal matter was expunged under Massachusetts law, and thus any further dissemination—especially through a publicly accessible court docket—risks violating the spirit and protections of the expungement statute.

5

5. There is no legitimate public interest in publicizing the particulars of this litigation at this early stage that outweighs the Plaintiff's substantial interest in privacy, safety, and reputation.

6. Plaintiff requests that the Complaint, civil cover sheet, summons, and any other initial filings be sealed until further order of the Court, with redacted versions to be filed if and when appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Seal and enter the accompanying [Proposed] Order.

Respectfully submitted,

Dated: 05/21/2025
Respectfully submitted,

/s./ *Andrew Hinesley*

371 N. Shore Road
Revere, MA 02151
808-773-4074
Andrew.hinesley@icloud.com

# COMMONWEALTH OF MASSACHUSETTS SUFFOLK, ss.
# IN THE SUPERIOR COURT

ANDREW HINESLEY,
Plaintiff,
v.
Gray Television, Inc.
d/b/a Hawaii New Now,
Defendant.

Case No.: 2584CV01379

## EX PARTE MOTION FOR LEAVE TO PERMIT ALTERNATIVE SERVICE

NOW COMES the Plaintiff, Andrew Hinesley, in the above captioned matter and respectfully moves this Honorable Court on an ex parte basis to rule on Plaintiff's previously filed Motion for Alternative Service.

As grounds for this request, Plaintiff states as follows:

1. Plaintiff filed a Complaint and Motion for Preliminary Injunction in this matter on May 21, 2025.
2. The Court has scheduled an hearing on Plaintiff's Motion for Preliminary Injunction for Tuesday, May 27, 2025, at 2:00 PM.
3. Plaintiff immediately served the Summons and Complaint by certified mail with return receipt requested to the Defendant's registered agent; however, the expected delivery date is also Tuesday, May 27, 2025.
4. Plaintiff filed a Motion for Alternative Service on May 21, 2025, seeking leave to serve the Defendant via email to publicly listed legal and executive representatives of the Defendant corporation.
5. Due to the urgent nature of the relief sought at the upcoming hearing, Plaintiff respectfully requests that the Court review and rule on the Motion for Alternative Service prior to the May 27 hearing date.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant this Ex Parte Motion for Leave to Permit Alternative Service;
B. Allow Plaintiff to serve the Summons and Complaint via email as requested in Plaintiff's Motion for Alternative Service; and

C. Grant such further relief as this Court deems just and proper.

Dated: 05/22/2025
Respectfully submitted,

/s./ *Andrew Hinesley*

371 N. Shore Road
Revere, MA 02151
808-773-4074
Andrew.hinesley@icloud.com

Date Filed 5/21/2025 4:29 PM
Superior Court - Suffolk
Docket Number 2584CV01379

SR

# COMMONWEALTH OF MASSACHUSETTS SUFFOLK, ss.
# IN THE SUPERIOR COURT

ANDREW HINESLEY,
Plaintiff,
v.
Gray Television, Inc.
d/b/a Hawaii New Now,
Defendant.

Case No.: 2584CV01379

## MOTION FOR ALTERNATIVE SERVICE

Now comes the Plaintiff, Andrew Hinesley, and respectfully moves this Honorable Court for an order permitting alternative service of the Summons and Complaint in the above-captioned matter. In support of this motion, the Plaintiff states as follows:

1. Procedural Background:

On 05/21/2025, this Court scheduled an emergency hearing for 05/27/2025 at 2:00pm. The Plaintiff was notified of the court date on 05/21/2025 around 11:00am.

2. Efforts to Serve Defendant:

On 05/21/2025, the Plaintiff promptly mailed the Summons and Complaint to the Defendant via certified mail, return receipt requested, in accordance with Massachusetts Rules of Civil Procedure.

3. Expected Delivery and Timing Issues:

The expected delivery date of the certified mail is 05/27/2025, which coincides with the hearing date. Given this timing, there is a risk that the Defendant may not receive the documents in time to prepare for the hearing, and the Plaintiff will not be able to confirm service before the hearing. Tracking numbers with USPS are 9589071052702157509693 and 9590940292864295654688.

4. Request for Alternative Service:

In light of these circumstances, the Plaintiff respectfully requests that the Court permit alternative service by email to the Defendant at the email addresses below or another method deemed appropriate by the Court. This will ensure timely and effective notice to the Defendant.

Date Filed 5/21/2025 4:29 PM
Superior Court - Suffolk
Docket Number 2584CV01379

Hawaii News Now
- Matt Piacente
  News Director
  Email: Matt.Piacente@HawaiiNewsNow.com
- Kathryn Pickman
  General Manager
  Email: KPickman@HawaiiNewsNow.com

Gray Television (Parent Company)
- Ellenann Benefield Yelverton
  Senior Vice President, General Counsel
  Email: ellenann.yelverton@gray.tv

5. Source Contact Information

The Plaintiff obtained the Defendant's email addresses from the official website of Hawaii News Now and from public corporate records associated with Gray Television, Inc., and believes these addresses are valid for service and general business correspondence. Below are the links used by the plaintiff.

   a) https://www.linkedin.com/in/ellenann-benefield-yelverton-8778a09b/
   b) https://mcbar.org/members/?id=64072462
   c) https://www.hawaiinewsnow.com/about-us/
   d) https://www.hawaiinewsnow.com/hnn-news-department/

6. Good Faith Efforts:

The Plaintiff has made diligent efforts to serve the Defendant in a timely manner and seeks this alternative service method to avoid any undue delay or prejudice.

WHEREFORE, the Plaintiff prays that this Honorable Court grant this motion and authorize service of the Summons and Complaint via email or another suitable method, and for such other relief as this Court deems just and proper.

Dated: 05/21/2025
Respectfully submitted,

/s./ *Andrew Hinesley*

371 N. Shore Road
Revere, MA 02151
808-773-4074
Andrew.hinesley@icloud.com

Date Filed 5/22/2025 7:24 AM
Superior Court - Suffolk
Docket Number 2584CV01379

ER

# COMMONWEALTH OF MASSACHUSETTS SUFFOLK, ss. IN THE SUPERIOR COURT

ANDREW HINESLEY,
Plaintiff,
v.
Gray Television, Inc.
d/b/a Hawaii New Now,
Defendant.

Case No.: 2584CV01379

# [PROPOSED] ORDER ON EX PARTE MOTION FOR LEAVE TO PERMIT ALTERNATIVE SERVICE

This matter came before the Court on Plaintiff's Ex Parte Motion for Leave to Permit Alternative Service.

After review of the Plaintiff's motion and supporting statements, and for good cause shown, it is hereby ORDERED:

1. Plaintiff's Ex Parte Motion for Leave to Permit Alternative Service is ALLOWED;
2. Plaintiff is granted leave to serve the Summons and Complaint via email to the following individuals:
   a. General Counsel for Gray Television, Inc.
   b. News Director of Hawaii News Now
   c. President or General Manager of Hawaii News Now
3. Such service shall be deemed sufficient and effective for purposes of the Preliminary Injunction hearing scheduled for May 27, 2025.

So Ordered.

_____
Justice of the Superior Court


Date: _____

11

Date Filed 5/21/2025 4:29 PM
Superior Court - Suffolk
Docket Number 2584CV01379

SR

**NOTIFY**

6

# COMMONWEALTH OF MASSACHUSETTS SUFFOLK, ss.
# IN THE SUPERIOR COURT

ANDREW HINESLEY,
Plaintiff,

v.

Gray Television, Inc.
d/b/a Hawaii New Now,
Defendant.

Case No.: 2584CV01379

## MOTION FOR ALTERNATIVE SERVICE

Now comes the Plaintiff, Andrew Hinesley, and respectfully moves this Honorable Court for an order permitting alternative service of the Summons and Complaint in the above-captioned matter. In support of this motion, the Plaintiff states as follows:

1. Procedural Background:

On 05/21/2025, this Court scheduled an emergency hearing for 05/27/2025 at 2:00pm. The Plaintiff was notified of the court date on 05/21/2025 around 11:00am.

2. Efforts to Serve Defendant:

On 05/21/2025, the Plaintiff promptly mailed the Summons and Complaint to the Defendant via certified mail, return receipt requested, in accordance with Massachusetts Rules of Civil Procedure.

3. Expected Delivery and Timing Issues:

The expected delivery date of the certified mail is 05/27/2025, which coincides with the hearing date. Given this timing, there is a risk that the Defendant may not receive the documents in time to prepare for the hearing, and the Plaintiff will not be able to confirm service before the hearing. Tracking numbers with USPS are 9589071052702157509693 and 9590940292864295654688.

4. Request for Alternative Service:

In light of these circumstances, the Plaintiff respectfully requests that the Court permit alternative service by email to the Defendant at the email addresses below or another method deemed appropriate by the Court. This will ensure timely and effective notice to the Defendant.

5-22-25   Allowed
/s/ Wall

12

# COMMONWEALTH OF MASSACHUSETTS SUFFOLK, ss.
# IN THE SUPERIOR COURT

ANDREW HINESLEY,
Plaintiff,
v.
Gray Television, Inc.
d/b/a Hawaii New Now,
Defendant.

Case No.: 2584CV01379

# AMENDED COMPLAINT FOR DEFAMATION AND
# INVASION OF PRIVACY

1. Plaintiff Andrew Hinesley brings this action against Defendant for defamation and invasion of privacy under Massachusetts General Laws, Chapter 214, § 1B.

2. Jurisdiction is proper as Plaintiff resides in Massachusetts and the harm occurred within this jurisdiction.

3. Venue is appropriate because Plaintiff lives in Massachusetts and the harm, including a rescinded job offer, occurred in Massachusetts.

FACTS

4. Defendant published an article publicly associating Plaintiff with serious criminal charges, which has not been corrected despite numerous good faith attempts from Plaintiff to provide documentation showing changed circumstances and clarifying facts.

5. Plaintiff offered documentation that another individual was ultimately convicted in connection with the same investigation, but Defendant has refused to correct the article.

6. Plaintiff has suffered significant reputational, emotional, and financial harm because of the continued public availability of the outdated article.

Date Filed 5/23/2025 8:58 AM
Superior Court - Suffolk
Docket Number 2584CV01379

# CLAIMS

## COUNT I – DEFAMATION

7. Defendant's continued publication of materially misleading information, in light of subsequent legal developments and documentation provided by Plaintiff, constitutes defamation causing ongoing harm.

8. The statements made in the article were not only damaging but were made without incorporating or considering material updates to the underlying legal proceedings.

## COUNT II – INVASION OF PRIVACY

9. Defendant's publication and continued availability of the article constitutes an unreasonable, substantial, and serious interference with Plaintiff's privacy.

10. The article discloses information that, while initially based on public records, has become materially misleading due to subsequent legal outcomes. The ongoing public availability of the article without any acknowledgment of those outcomes constitutes an invasion of privacy that continues to cause substantial personal harm. Plaintiff does not seek to suppress lawful reporting or petitioning activity, but to address the continued harm stemming from the Defendant's refusal to update or remove misleading and outdated content.

11. Defendant's refusal to acknowledge the conviction of another individual or to remove the outdated article, despite Plaintiff's repeated good-faith outreach, constitutes a continued invasion of privacy. The continued availability of materially misleading information has caused and continues to cause reputational and economic harm.

## DAMAGES AND REQUEST FOR RELIEF

12. Plaintiff has suffered:
   a. One-year lost salary: $125,000.00
   b. $10,000 lost signing bonus
   c. $400/month rent for 2 years: $9,600
   d. Loss of liquidated assets: $20,000

13. Plaintiff requests the following relief:
   a. Compensatory damages
   b. Injunctive relief to remove or correct the article
   c. Any additional relief the Court deems just and proper

Date Filed 5/23/2025 8:58 AM
Superior Court - Suffolk
Docket Number 2584CV01379

14. Plaintiff acknowledges the importance of a free press and the reporting of matters of public concern. This action is brought solely to address the continued reputational and economic harm caused by materially outdated and misleading content. Plaintiff has taken reasonable and ethical steps to resolve the matter informally prior to filing this complaint, and does not seek to deter or punish the exercise of lawful petitioning or protected speech

Dated: 05/23/2025
Respectfully submitted,

/s./ *Andrew Hinesley*

371 N. Shore Road
Revere, MA 02151
808-773-4074
Andrew.hinesley@icloud.com