IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW HINESLEY,<br>     Plaintiff,<br>  v.<br>GRAY TELEVISION, INC., d/b/a HAWAII NEWS NOW,<br>     Defendant. | No. 1:25-CV-11488 |

## RENEWED MOTION AND MEMORANDUM OF LAW TO SEAL ENTIRE CASE

  COMES NOW, Plaintiff Andrew Hinesley ("Plaintiff"), and respectfully moves this Honorable Court, pursuant to Local Rule 7.2 of the United States District Court for the District of Massachusetts, for an order sealing the entire case docket and all associated filings. This renewed motion is submitted to protect Plaintiff's privacy interests and preserve the integrity of prior expungement orders. A previous motion was withdrawn solely for procedural reasons during ongoing settlement discussions. Now that a final settlement has been executed, Plaintiff seeks sealing prior to dismissal to ensure the Court retains jurisdiction to address this issue. As set forth below, compelling privacy concerns outweigh the public's right of access in this matter, and no less restrictive alternative would adequately protect Plaintiff's rights.

### INTRODUCTION

  1. Plaintiff seeks an order to seal the entire case due to the inclusion of highly sensitive information, including expunged records and sealed court documents,

1

the disclosure of which would cause irreparable harm to the Plaintiff's privacy and reputation.

## LEGAL STANDARD

2. The Supreme Court has recognized that courts have the inherent authority to manage their records and to seal documents when justified by compelling reasons.

3. The First Circuit has held that the public's right of access to judicial records is not absolute and may be overridden by interests in privacy and confidentiality (United States v. Kravetz, 706 F.3d 47 (1st Cir. 2013)).

## ARGUMENT

4. The public's right of access to judicial records, while important, is not absolute and may be overridden by compelling privacy interests. The Supreme Court and the First Circuit have repeatedly recognized that courts possess inherent authority to seal records in such circumstances.

5. In *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), the First Circuit reaffirmed the strong presumption of public access but emphasized that this presumption may be overcome where specific, compelling interests, such as privacy and rehabilitation, are at stake.

6. The court noted that "privacy rights of individuals may, in some cases, warrant limited restrictions on the right of access," particularly where medical, psychological, or deeply personal information is involved. *Id.* at 62.

7. This case presents just such an instance: Plaintiff's underlying criminal matter was dismissed with prejudice and expunged. The civil litigation was entirely

derivative of that sealed matter and resolved by private settlement.

8. The continued public availability of this civil record undermines the core protections of the expungement order, and serves no legitimate public interest.

9. Thus, sealing here is not inconsistent with *Kravetz*; it is aligned with the principles of privacy and fairness that *Kravetz* recognized as valid exceptions to public access.

## COMPLIANCE WITH LOCAL RULE 7.2

10. Some materials in this matter have already been filed and are publicly accessible. Plaintiff seeks to seal all such filings, along with any further documents related to the case.

11. This renewed motion is filed prior to final dismissal, and Plaintiff respectfully requests that impoundment remain in effect until further order of the Court to preserve privacy and prevent ongoing harm.

12. Plaintiff previously filed and withdrew an earlier sealing motion due to procedural timing and now respectfully renews this request prior to final dismissal.

Dated: June 12, 2025            Respectfully submitted,

*/s/ Andrew Hinesley*

Pro se
371 N Shore Road
Revere, MA
Andrew.hinesley@icloud.com