IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW HINESLEY,<br><br>                            Plaintiff,<br><br>v.<br><br>GRAY TELEVISION, INC., d/b/a HAWAII NEWS NOW,<br><br>                            Defendant. | Case No. 1:25-cv-11488-IT<br><br>Judge Indira Talwani |

**EUGENE VOLOKH'S OPPOSITION TO PLAINTIFF'S
MOTION TO SEAL ENTIRE CASE**

Eugene Volokh's motion to intervene (ECF No. 16) is pending. *See also* Order, ECF No. 23 ("Any opposition to the Motion to Intervene 16 shall be filed no later than June 13, 2025"). But because the proposed opposition to the motion to seal in that order referred to the motions at ECF Nos. 2 and 12, which have been withdrawn or rendered moot (ECF No. 18), Volokh is submitting a modified proposed opposition to the newly filed motion to seal at ECF Nos. 25.

**Proposed Opposition to Motion to Seal**

**I. The documents in this case are subject to a common-law and First Amendment right of access**

"Motions and objections filed in the [district court] typically become part of the case file (and, thus, available for public inspection) at the moment they are filed in the clerk's office." *In re Providence J. Co., Inc.*, 293 F.3d 1, 11 (1st Cir. 2002). "Courts long have recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" *Id.* at 9. "This recognition is embodied in two related but distinct presumptions of public access to judicial proceedings and records: a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). And "[t]he courts of

appeals have recognized a qualified First Amendment right of public access to certain documents filed in civil litigation" as well as in criminal proceedings. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022) "Although the two rights of access are not coterminous, courts have employed much the same type of screen in evaluating their applicability to particular claims." *Providence J.*, 293 F.3d at 10.

In particular, "[a]n entire civil case file should only be sealed," only when that "is required by statute or rule" (and none appear evident here) or it "is justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives (such as sealing discrete documents or redacting information), so that sealing an entire case file is a last resort." Judicial Conference of the U.S., *Judicial Conference Policy on Sealed Cases*, https://www.uscourts.gov/sites/default/files/judicialconferencepolicyonsealedcivilcases2011.pdf; *see also Chikel v. Steward Health Care Sys., LLC*, No. 18-CV-10959-ADB, 2018 WL 11463444, *2 (D. Mass. Nov. 7, 2018) (relying on this policy to reject a motion to seal).

Likewise, sealing of a complaint is also highly disfavored. "[T]he common-law right of access extends to 'materials on which a court relies in determining the litigants' substantive rights.'" *Id.* at 9-10 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)). This includes the Complaint and Amended Complaint in this case. A complaint "'is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (quoting *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)).

And the common-law right of access also extends to other filings in the case, including the filings related to sealing. Because motions to seal implicate the public's right of access to court

records, it is particularly important for the public and the press to be able to review them, and to understand why certain information is being hidden from the public. "Courts within [the Second] Circuit have tended to treat a motion to seal as a judicial document that is entitled to a strong presumption of public access." *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (collecting cases).[1] "A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information." *Allegiant Travel Co. v. Kinzer*, No. 2:21-CV-01649-JAD-NJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022); *see also Alexander v. Las Vegas Metro. Police Dep't*, No. 2:24-cv-00074-APG-NJK, 2025 WL 1410708, at *1 (D. Nev. Apr. 7, 2025) (denying in part "motion to seal motion to modify stipulated protective order and exhibits filed in conjunction with the motion," based on the "strong presumption of public access to judicial records").

## II. The presumption of public access is not rebutted here

"[O]nly the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access." *Providence J. Co.*, 293 F.3d at 10 (cleaned up) (quoted in this Court's *Standing Order Regarding Stipulated Protective Orders and*

---

[1] To give some such Second Circuit examples: A "motion to redact certain information" is a judicial document that is "entitled to a strong presumption of public access." *Cheng v. Wilson*, No. 1:22-CV-10706 (LTS), 2023 WL 7710966, at *3 (S.D.N.Y. Oct. 2, 2023). "[T]he motions to seal . . . are 'judicial documents' as that term is defined by case law, and, therefore, a common law presumption of access attaches." *McGill v. Univ. of Rochester*, No. 10-CV-6697-CJS-JWF, 2013 WL 5951930, at *11 (W.D.N.Y. Nov. 6, 2013). A "motion to seal itself should be filed on the public docket and **not** under seal." *Vineyard Vines LLC v. MacBeth Collection, L.L.C.*, No. 3:14-CV-1096, 2019 WL 12024583, at *6 n.6 (D. Conn. Apr. 1, 2019) (emphasis in the original). "Protective Order Brief[s] and accompanying declarations" "are the types of documents that are usually filed with the court and are generally available," so that "on the continuum of materials to which a presumption of public access applies, they fall well toward the end where the presumption is accorded the greatest weight." *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) (cleaned up).

*Motions for Leave to File Under Seal*). The "presumption in favor of access can only be overcome 'by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 11 (quoting *Press–Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984)). No such overriding interest is present here.

"Records cannot be sealed on the basis of general reputation and privacy interests." *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 n.18 (1st Cir. 1989). A litigant's "personal interest in avoiding the 'reputational harm' that [he] might suffer if the public were made aware of the 'very serious allegations here'" "cannot meet the 'weighty' standard for overriding the presumptions of open records and public access." *In re Demetriades*, 58 F.4th 37, 46 (2d Cir. 2023).

This is particularly so in defamation cases such as this one. "Courts have held that injury to one's reputation and potential embarrassment generally do not outweigh the strong presumption of public access attaching to judicial documents." *Parson v. Farley*, 352 F. Supp. 3d 1141, 1152 (N.D. Okla. 2018) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). A party "must show more than mere 'potential for collateral economic consequences'" to overcome the strong presumption of public access. *Manhattan Telecomm. Corp. v. Granite Telecomm. LLC*, No. 2020-0469-JRS, 2020 WL 6799122, at *3 (Del. Ct. Ch. Nov. 20, 2020) (citation omitted). Holding otherwise would block public access to routine defamation cases: "The logical conclusion of Plaintiff's argument [for sealing] is that whenever someone sues for defamation because of potentially embarrassing comments, the plaintiff should be allowed to sue anonymously and with the case under seal." *Holmes v. Grambling*, No. 1:13-CV-04270-HLM, 2014 WL 12905012 at *2 (N.D. Ga, Oct. 17, 2014). "[A]ll libel cases would [then] be litigated with the key underlying allegations kept secret." *Parson*, 352 F. Supp. 3d at 1154.

This is so because "[t]he public maintains a strong interest in access to the content of the alleged defamatory statements. If the information currently redacted remains so, the public will have no means to understand the dispute [the plaintiff] has asked the Court to adjudicate." *Manhattan Telecomm.*, 2020 WL 6799122, at *4. This is especially so since Plaintiff is "in a forum where Plaintiff has . . . the opportunity to respond to the [defamatory] statements." *Holmes*, 2014 WL 12905012 at *3. And even now that this case appears to have settled, the public is entitled to access to the documents. *E.g., United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (allowing intervenors to access previously sealed documents produced during discovery in a case that ultimately settled); *Bernstein*, 814 F.3d at 136 (*sua sponte* refusing to seal complaint in a case that was settled shortly after it was filed).

To quote another case where a defamation plaintiff sought to conceal the allegedly defamatory material from the public,

> Although [plaintiff] has argued that the exhibits contain "highly defamatory statements" and that he has identified in his complaint and motion to seal "massive loss of past, present and future income, including a lucrative movie opportunity worth at least $10 million, and his property interests in the sales of his books, his speaking tours and his career and academic degree," the court concludes that [plaintiff] has not satisfied his heavy burden to show a significant or substantial interest that outweighs the strong presumption in favor of public access. . . .
>
> [A]s the allegations in the complaint reveal, the exhibits are central to the adjudication of some of [plaintiff]'s claims, which Volokh has interest in disseminating to the public in his blog. Indeed, it would be difficult to imagine any way this action could be adjudicated on its legal and factual merits—which is precisely what [plaintiff] asks the court to do—without a thorough airing of most, if not all, of the matters [plaintiff] seeks to keep from the public record. And [plaintiff] has not demonstrated that the statements at issue involve information that is highly sensitive and personal in nature to him. "[T]he mere presence of allegedly libelous statements is not enough, on its own, to justify keeping matters secret from the public." *Jacobs v. Journal Publishing Co.*, Case No. 1:21-cv-00690-MV-SCY, 2022 WL 540955, at * 2 (D.N.M. Feb. 23, 2022) (citing *Parson*, 352 F. Supp. 3d at 1154-55 (N.D. Okla. 2018)).

*Mastriano v. Gregory*, No. CIV-24-567-F, 2024 WL 4003343, *4 (W.D. Okla. Aug. 26, 2024) (paragraph break added).

5

23064546.1

Nor can sealing be justified here on the grounds that the record allegedly includes "sensitive information, including expunged criminal records and sealed state court materials." Affidavit in Support of Renewed Motion to Seal Entire Case ¶ 2, ECF No. 25-1. First, Volokh is unaware of any filings in this case or in the Massachusetts trial court that actually contain "expunged criminal records and sealed state court materials."

But second, even if they did, then this would not justify total sealing (and would at most justify redaction, though perhaps not even that). In particular, if the allegation is that Mr. Hinesley's Hawaii records have been expunged, then that should cut *in favor* of making those expungements public. After all, the original prosecution of Mr. Hinesley is noted in a publicly available nonprecedential opinion of the Hawaii Intermediate Court of Appeals in *State v. Hinesley*, No. CAAP-18-0000506 (Haw. Int. Ct. App. July 22, 2021), on the following services:

- The Hawaii courts (free), https://www.courts.state.hi.us/wp-content/uploads/2021/07/CAAP-18-0000506mopada.pdf.

- Google Scholar (free), https://scholar.google.com/scholar_case?case=10071621910834291337.

- Justia (free, visible through a Google search for *"andrew hinesley"*), https://law.justia.com/cases/hawaii/court-of-appeals/2021/caap-18-0000506.html.

- Findlaw (free, visible through a Google search for *"andrew hinesley" hawaii*), https://caselaw.findlaw.com/court/hi-intermediate-court-of-appeals/2138417.html.

- Westlaw (paid), 2021 WL 3113037.

- Lexis (paid), 2021 Haw. App. LEXIS 243.

If indeed the records have been expunged, then the only way Mr. Hinesley can effectively rebut the negative implication stemming from those publicly available opinions is by publicly noting the expungement. *Cf. Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) (reasoning, in the related context of a motion to proceed pseudonymously, that "to the extent that the flyers" over which

plaintiff was suing "accused him of being a pedophile, litigating publicly will afford [him] the opportunity to clear his name in the community").

## Conclusion

This court should therefore deny plaintiff's motion to seal, since sealing the complaint would violate Volokh's and the public's right of access.

Dated:  June 13, 2025

>Respectfully submitted,
>
>*/s/ Sigmund D. Schutz*
>Sigmund D. Schutz, Esq.
>Preti Flaherty Beliveau & Pachios LLP
>P.O. Box 9546
>Portland, ME 04112-9546
>(207) 791-3000
>sschutz@preti.com
>
>*Counsel for Movant Eugene Volokh*

## CERTIFICATE OF SERVICE

      I, Sigmund D. Schutz, hereby certify that on this 13th day of June, 2025, I caused a true and correct copy of this document to be served upon counsel of record for all parties through the Court's CM/ECF system, and on all non-registered participants by email.

*/s/ Sigmund D. Schutz*
Sigmund D. Schutz, Esq.
Preti Flaherty Beliveau & Pachios LLP
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
sschutz@preti.com

*Counsel for Movant Eugene Volokh*

23064546.1