**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ANDREW HINESLEY,<br><br>                    Plaintiff,<br><br>              v.<br><br>GRAY TELEVISION, INC., d/b/a HAWAII NEWS NOW,<br><br><br>                    Defendant. | No. <u>1:25-CV-11488</u> |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT-OF-TIME OPPOSITION TO MOTION TO INTERVENE AND TO STRIKE UNAUTHORIZED FILING (DKT. 31)

### 1. Procedural Background

On May 28, 2025, Eugene Volokh filed a Motion to Intervene (Dkt. 16) and supporting memorandum (Dkt. 17) while the case was still active. On June 13, 2025, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). That same day, the Court set a deadline for any opposition to Dkt. 16.

### 2. Good Cause for Limited Late Opposition

Plaintiff, acting pro se, understood the dismissal to render further briefing unnecessary. No ruling has issued on Dkt. 16. Plaintiff now seeks leave under Fed. R. Civ. P. 6(b)(1)(B) to file a limited procedural opposition based on Local Rule 7.1(a)(2), Fed. R. Civ. P. 24(c), and post-dismissal mootness. The delay is brief, reasonable, and non-prejudicial.

On May 27, 2025, at 4:17 PM, Volokh sent an email purporting to confer under Local Rule 7.1(a)(2). (Exhibit B.) The message did not reflect a good faith attempt to confer; it offered

no proposed resolution, did not attempt to narrow the issues, and functioned as advance notice of

filing.  Volokh filed his motion at 5:09 PM on May 28, more than 24 hours after his email,

without initiating any discussion or attempting to resolve the issue.

Volokh initiated contact by email but filed his motion little more than 24 hours later

without any meaningful effort to confer, propose narrowing, or resolve the issue.  His filing

omitted the certification required under Local Rule 7.1(a)(2), was not accompanied by a pleading

as mandated by Fed. R. Civ. P. 24(c), and he has continued submitting substantive documents

after dismissal without leave. These procedural defects, taken together, merit the Court's

attention.

### 3. Motion to Strike Dkt. 31

On June 13, 2025, after Plaintiff dismissed the case and before any order granting

intervention, Volokh filed Dkt. 31, a memorandum in opposition to Plaintiff's renewed sealing

motion.  As a non-party without standing or leave to participate, Volokh's filing was procedurally

unauthorized.

Non-parties may not file substantive oppositions before intervention is granted. See *Public

Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988). Dkt. 31 should be stricken or

disregarded to preserve the procedural integrity of this Court's docket.

### 4. Certificate of Compliance with Local Rule 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), Plaintiff emailed defense counsel on June 18, 2025, to

request their position on the relief sought in this motion.  Defense counsel responded and declined

to consent, stating they had already consented to Volokh's intervention but did not agree with

Plaintiff's upcoming motion.  Eugene Volokh is not a party to this action and is not represented

2

by counsel of record.

## 5. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.  Grant leave to file the attached limited opposition to Dkt. 16 out of time, and

2.  Strike Dkt. 31 as an unauthorized non-party filing.

A copy of Plaintiff's proposed opposition is attached as Exhibit A. Volokh's May 27, 2025 email is attached as Exhibit B..

Dated:  June 18, 2025                 Respectfully  submitted,

/s/ *Andrew Hinesley*
Pro se
371 N Shore Road
Revere, MA
Andrew.hinesley@icloud.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June 2025, I file the foregoing document and all attached

exhibits through the Court's CM/ECF system, which will send notice of electronic filing to all

registered counsel of record.

> /s/ *Andrew Hinesley*
> Andrew Hinesley
> Pro se