EXHIBIT A

Plaintiff's Limited Opposition to Eugene Volokh's Motion to Intervene (Dkt. 16)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW HINESLEY,<br>　　　　　　　　Plaintiff,<br>v.<br>GRAY TELEVISION, INC., d/b/a HAWAII NEWS NOW,<br>　　　　　　　　Defendant. | No. 1:25-CV-11488 |

# PLAINTIFF'S LIMITED OPPOSITION TO EUGENE VOLOKH'S MOTION TO INTERVENE (DKT. 16)

## 1. Lack of Pleading Required by Rule 24(c)

Federal Rule of Civil Procedure 24(c) requires a motion to intervene to be accompanied by a pleading. Volokh's motion was not. This alone requires denial. See *Beaulieu v. Concord Group Ins. Co.*, 208 F.R.D. 478, 479 (D.N.H. 2002).

## 2. Failure to Confer Under Local Rule 7.1(a)(2)

Volokh emailed Plaintiff on May 27, 2025, at 4:17 PM and filed the motion more than 24 hours later without further communication. He offered no substantive discussion, proposed no narrowing, and failed to include the required certification in his motion. This does not satisfy Local Rule 7.1(a)(2).

## 3. Procedurally Premature and Post-Dismissal Filing

Plaintiff filed a notice of voluntary dismissal on June 13, 2025. No intervention had been granted. Volokh's filing after dismissal is procedurally improper and risks reopening sealed or expunged records without standing or party status.

### **4. Conclusion**

The motion should be denied on procedural grounds. Plaintiff reserves all rights to raise further arguments if the Court grants leave to intervene.

Dated: June 18, 2025

Respectfully submitted,

/s/ *Andrew Hinesley*
Pro se
371 N Shore Road
Revere, MA
Andrew.hinesley@icloud.com