EXHIBIT B

Email from Eugene Volokh to Plaintiff, May 27, 2025 at 4:17 PM

From: eugene.volokh@gmail.com

Subject: Request to confer re: motion to intervene to oppose sealing in Hinesley v. Gray Television, Inc., No. 1:25-cv-11488 (D. Mass.)

Date: May 27, 2025 at 4:17:08 PM

To: Andrew Hinesley andrew.hinesley@icloud.com, massellaj@ballardspahr.com, schellj@ballardspahr.com, duddings@ballardspahr.com

Dear plaintiff and counsel: To my surprise, the court in this case appears to be considering the motion to seal. Since I would like to have access to the case file so I can continue writing about the case, I would like to move to intervene to oppose sealing. Local Rule 7.1(a)(2) requires that I confer and attempt in good faith to resolve or narrow the issue, which in this instance appears to be just the issue as to my motion to intervene. (I don't think there's a need for me to confer about the underlying motion to seal.) When would it be convenient for you folks to confer with me, whether by e-mail or if necessary by phone?

Here is a draft of the key authorities in my Memorandum in Support of Motion to Intervene, in case seeing my argument will help us resolve or narrow the issue of whether I'm entitled to intervene:

> The "presumption of access [to judicial records] 'helps safeguard the integrity, quality, and respect in our judicial system.'" *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005). "[Intervention] is an effective mechanism for third-party claims of access to information generated through judicial proceedings." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783 (1st Cir. 1988).
>
> "When a third party essays a challenge to a [record-related restriction], permissive intervention [under Rule 24(b)] is the procedurally correct vehicle." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009); *see also Doe v. Smith*, No. 2:23-CV-00423-JAW, 2024 WL 1240935, *2 (D. Me. Mar. 22, 2024) (applying this principle). In particular, "[r]epresentatives of the press . . . 'must be given an opportunity to be heard on the question of their exclusion' from a court proceeding." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019). "[There is] a similar right of news media to intervene . . . to seek unsealing of documents filed in a court proceeding." *Id.* (collecting cases).
>
> Because Volokh is moving to intervene for the "'limited purpose of unsealing judicial records . . . there is no reason to require such a strong nexus of fact or law'" as with a typical requirement of permissive intervention. *Does 1-6 v. Mills*, 2021 WL 6197377, at *1 (D. Me. Dec. 30, 2021) (quoting *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (cleaned up)). Thus, "Professor Volokh has standing to intervene and seeks intervention for a limited, permissible purpose. Allowing him to intervene will not require adding claims, defenses, parties, or new pleadings. . . . The court

therefore grants Professor Volokh's motion to intervene." *Doe v. Town of Lisbon*, 2022 WL 2274785, at *3 (D.N.H. June 23, 2022), *aff'd*, 78 F.4th 38 (1st Cir. 2023).

Thanks,

Eugene Volokh
Pro se